# Exhibit bb

**Affidavit of Peter Romer-Friedman (June 2, 2010)**

## AFFIDAVIT OF PETER ROMER-FRIEDMAN

I, Peter Romer-Friedman, hereby state as follows:

1. I am an attorney at the law firm of Cohen Milstein Sellers & Toll PPLC in Washington, DC, which represents the Plaintiffs in *Greater New Orleans Fair Housing Action Center, et al., v. U.S. Department of Housing and Urban Development, et al.*, No. 1:08-cv-1938-HHK.

2. On May 25 and May 26, I spoke with counsel for the Louisiana Recovery Authority's ("LRA") Executive Director Paul Rainwater about the LRA's plans to obligate and spend funds that the LRA currently possesses, and remain available to the Road Home Homeowner Assistance program.

3. On May 25, 2010, two other attorneys representing the Plaintiffs – Joseph Sellers and Llezlie Green Coleman – and I spoke with Renee Culotta and A.J. Krouse of the Frilot L.L.C. law firm in New Orleans, LA, counsel for the Executive Director of the LRA, about the Plaintiffs' intention to file a Motion for a Temporary Restraining Order and Preliminary Injunction to prevent the LRA from obligating and spending funds that remain available to the Road Home Homeowner Assistance program. During that conversation, counsel for the Plaintiffs asked LRA's counsel whether the LRA's Executive Director would agree to enter into a stand-still agreement / stipulation to preserve the status quo until the Court could hear the Plaintiffs' Motion for a Preliminary Injunction.

4. On May 26, 2010, Mr. Sellers and I again spoke with Ms. Culotta and Mr. Krouse. During that conversation, counsel for the Defendants told us that:

   a. Neither the LRA's Executive Director nor the LRA will agree to enter a stand-still agreement to preserve the status quo until a hearing on the Plaintiffs' Motion for a Preliminary Injunction occurs;

   b. The LRA will cease to exist on July 1, 2010, pursuant to Louisiana state law;

   c. The LRA refuses to inform the Plaintiffs about what amount of funds remain potentially available to the LRA for the Road Home Homeowner Assistance Program generally and for Option 1 (*i.e.*, the part of the Road Home program challenged in this lawsuit, which provides grant awards for homeowners to repair and rebuild their homes) specifically; and

   d. The LRA's Board has proposed Action Plan Amendment Number 43, which is a $100 million-plus construction lending program. The Board has circulated the lending proposal for public comments, and intends to pass the amendment at a Board meeting currently scheduled for June 24, 2010.

808658.1 1

5. On May 25, 2010, Joseph M. Sellers, Llezlie Green Coleman, and I spoke with James Todd, counsel for HUD, about the Plaintiffs' intention to file a Motion for a Temporary Restraining Order and Preliminary Injunction. During that conversation, Mr. Todd told us that HUD has about $500 million in funds remaining from the third Congressional appropriations act that have not yet been obligated or disbursed to the LRA or the state of Louisiana, but must be spent on the Road Home program pursuant to the third appropriations act. *See* Department of Defense Appropriations Act, 2008, Pub. L. No. 110-116, 121 Stat. 1295, 1343-44 (Nov. 13, 2007). However, Mr. Todd also stated that HUD may be required by law to obligate and award a portion or all of the $500 million to LRA (or a successor to the LRA) for purposes other than Option 1 of the Road Home program, such as expenditures under Options 2 and 3, and compliance and assurance expenditures.

6. None of the aforementioned information was communicated pursuant to settlement negotiations or subject to the provisions of Federal Rule of Evidence 408.

> In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.
>
> _____
> Peter Romer-Friedman
> D.C. Bar No. 993376

808658.1 1