# Exhibit ff

**Affidavit of Seth Weingart, Homeownership Counseling Supervisor at the Greater New Orleans Fair Housing Action Center (May 29, 2010)**

## AFFIDAVIT OF SETH WEINGART

I, Seth Weingart, hereby state as follows:

1.  I am employed as the Homeownership Counseling Supervisor at the Greater New Orleans Fair Housing Action Center (GNOFHAC). I have been a housing counselor at the GNOFHAC since September 2006. My job duties include providing one-on-one housing counseling to homeowners, supervising the work of GNOFHAC homeownership specialists, maintaining databases of clients served, providing training and support to homeownership specialists, acting as a liaison between homeownership specialists and mortgage servicers, insurance companies, and state agencies, developing educational materials, writing reports and grant applications, reporting to funding entities, monitoring developments in the mortgage lending and servicing industries, monitoring public policy issues and developments related to hurricane recovery, representing the GNOFHAC in public forums, and advocating for public policies to assist homeowners impacted by Hurricane Katrina.

2.  I am certified by the NeighborWorks Center for Homeownership Education and Counseling to provide foreclosure prevention and post-purchase counseling, and have completed trainings on fair housing law, predatory lending, mortgage fraud and fair lending abuse, debt management, Gulf Coast rebuilding, disaster housing recovery, and homeowners and flood insurance.

3.  I have provided housing counseling services to over 150 homeowners in the region with concerns regarding the Road Home Program. These services include assisting homeowners to complete applications for the Road Home Homeowner Program, Small Rental Property Program, Hazard Mitigation Grant Program and Individual Mitigation Measures Program, requesting and reviewing Road Home Program case files, helping homeowners file Road Home Program appeals and grant disputes, explaining Road Home Program grant calculations to homeowner applicants, attending Road Home Program closings with homeowner applicants, explaining Compensation Allowance Documents to homeowner applicants, advocating on behalf of individual Road Home Program applicants with Road Home Program , Louisiana Recovery Authority, and Office of Community Development staff regarding grant disputes, and referring homeowner applicants to legal services when needed.

4.  The majority of Road Home Program applicants that I have counseled did not receive sufficient funds from the Road Home Program to adequately repair their Hurricane Katrina-damaged homes. In many cases this is a direct result of grants being calculated based on the pre-storm value of homes, when the actual cost of repairs far exceeded the estimated property value.

5.  I have observed through the course of my work that many homeowners who received Road Home Program grant awards are at risk of losing their homes, because they are unable to satisfy the grant covenants to reoccupy their homes. They are at risk of the State of Louisiana taking their homes for failing to abide by the grant covenants, and at

risk of foreclosure by their mortgage lenders for being unable to pay mortgages on homes they are unable to live in. These grantees would not have the financial capacity to repay a loan if such a program was available, due to the fact that they are already overburdened with a mortgage and other debts, lack of income, and poor credit. Many of the homeowners who are unable to rebuild are elderly and on fixed incomes, and will not be able to afford a loan regardless of the terms.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Seth Weingart

Executed on May 29, 2010