APPEAL, TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:08–cv–01938–HHK
### *Internal Use Only*

GREATER NEW ORLEANS FAIR HOUSING ACTION
CENTER et al v. UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT et al
Assigned to: Judge Henry H. Kennedy
Cause: 42:405 Fair Housing Act

**Plaintiff**

Date Filed: 11/12/2008
Jury Demand: None
Nature of Suit: 443 Civil Rights:
Accomodations
Jurisdiction: U.S. Government Defendant

| | | |
|---|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER** | represented by | **Danielle Yvette Conley** |

**GREATER NEW ORLEANS FAIR
HOUSING ACTION CENTER**

represented by

**Danielle Yvette Conley**
WILMER HALE
1875 Pennsylvania Avenue, NW
c/o Andrea Rainey
Washington, DC 20006
(202) 354–3563
Email: danielle.conley@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
COHEN MILSTEIN SELLERS &TOLL,
PLLC
1100 New York Avenue, NW
Suite 500
Washington, DC 20005–3934
(202) 408–4600
Fax: (202) 408–4699
Email: jyang@cohenmilstein.com
*LEAD ATTORNEY*

**Joseph Marc Sellers**
COHEN MILSTEIN SELLERS &TOLL,
PLLC
1100 New York Avenue, NW
Suite 500
Washington, DC 20005–3934
(202) 408–4604
Fax: (202) 408–4699
Email: jsellers@cohenmilstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**
COHEN, MILSTEIN, SELLERS &TOLL
Suite 500
1100 New York Avenue NW

Washington, DC 20005
(202) 408–3645
Email: promerfriedman@cohenmilstein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
NAACP LEGAL DEFENSE
&EDUCATIONAL FUND, INC.
99 Hudson Street
16th Floor
New York, NY 10013
(212) 965–2257
Fax: (212) 219–2052
Email: dhewitt@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Appellate Staff
950 Pennsylvania Avenue, NW
Room 7215
Washington, DC 20530
(202) 514–1838
Email: daniel.tenny@usdoj.gov
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
NAACP LEGAL DEFENSE
&EDUCATIONAL FUND, INC.
99 Hudson Street
Suite 1600
New York, NY 10013
(212) 965–2200
Fax: (212) 226–7592
Email: dadegbile@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
COHEN MILSTEIN SELLERS &TOLL,
PLLC
1100 New York Avenue, NW
Suite 500
Washington, DC 20005–3934
(202) 408–4600
Fax: (202) 408–4699
Email: lgreen@cohenmilstein.com

**M. Lucia Blacksher**
GREATER N EW ORLEANS FAIR

HOUSING ACTION CENTER
228 St. Charles Avenue,
Suite 1035
New Orleans, LA 70130
(504) 208–5050
Email: lblacksher@gnofairhousing.org
*TERMINATED: 05/27/2009*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
NAACP LEGAL DEFENSE
&EDUCATIONAL FUND, INC.
99 Hudson Street
16th Floor
New York, NY 10013
(212) 965–2200
Fax: (212) 226–7592
Email: mcolangelo@naacpldf.org
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
NAACP LEGAL DEFENSE
&EDUCATIONAL FUND, INC.
99 Hudson Street
16th Floor
New York, NY 10013
(212) 965–2234
Fax: (212) 226–7592
Email: rmoore@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**NATIONAL FAIR HOUSING
ALLIANCE**                    represented by  **Danielle Yvette Conley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
(See above for address)
*LEAD ATTORNEY*

**Joseph Marc Sellers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**
(See above for address)

3

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
(See above for address)
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
(See above for address)

**M. Lucia Blacksher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
(See above for address)
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**GLORIA BURNS**                  represented by  **Danielle Yvette Conley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
(See above for address)
*LEAD ATTORNEY*

**Joseph Marc Sellers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
(See above for address)
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
(See above for address)

**M. Lucia Blacksher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
(See above for address)
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RHONDA DENTS**                    represented by  **Danielle Yvette Conley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
(See above for address)
*LEAD ATTORNEY*

**Joseph Marc Sellers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
(See above for address)
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
(See above for address)

**M. Lucia Blacksher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
(See above for address)
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALMARIE FORD**                    represented by   **Danielle Yvette Conley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Marc Sellers**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
(See above for address)
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**M. Lucia Blacksher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
(See above for address)
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DAPHNE JONES**                    represented by   **Danielle Yvette Conley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
(See above for address)
*LEAD ATTORNEY*

**Joseph Marc Sellers**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
(See above for address)
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
(See above for address)

**M. Lucia Blacksher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
(See above for address)
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**EDWARD RANDOLPH**
*on behalf of themselves and all others*
*similarly situated*

represented by **Danielle Yvette Conley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny R. Yang**
(See above for address)
*LEAD ATTORNEY*

8

**Joseph Marc Sellers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Romer–Friedman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon T. Hewitt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Tenny**
(See above for address)
*TERMINATED: 07/06/2009*

**Debo P. Adegbile**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Llezlie Green Coleman**
(See above for address)

**M. Lucia Blacksher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Colangelo**
(See above for address)
*TERMINATED: 01/14/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ReNika C. Moore**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

represented by **Allen J. Krouse , III**
FRILOT L.L.C.
1100 Poydras Street
Suite 3600
New Orleans, LA 70163

(504) 599–8016
Fax: (504) 599–8116
Email: akrouse@frilot.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James D. Todd**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 514–3378
Fax: (202) 616–8470
Email: james.todd@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Renee G. Culotta**
FRILOT, LLC
1100 Poydras Street
36th Floor
New Orleans, LA 70163
(504) 599–8085
Fax: (504) 599–8267
Email: rculotta@frilot.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Suzanne M. Risey**
FRILOT, LLC
1100 Poydras Street
36th Floor
New Orleans, LA 70163
(504) 599–8231
Fax: (504) 599–8264
Email: srisey@frilot.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAUL RAINWATER**
*In his Official Capacity as Executive*
*Director of the Louisiana Recovery*
*Authority*
*TERMINATED: 06/02/2010*

represented by   **Timothy Edward Heffernan**
WATT, TIEDER, HOFFAR
&FITZGERALD, L.L.P.
8405 Greensboro Drive
Suite 100
McLean, VA 22102
(703) 749–1000
Fax: (703) 893–8029
Email: theffern@wthf.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Allen J. Krouse , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Renee G. Culotta**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Suzanne M. Risey**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBIN KEEGAN**
*in his official capacity as Executive Director of the Lousiana Recovery Authority*

represented by **Renee G. Culotta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suzanne M. Risey**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/12/2008 | 1 | | COMPLAINT against UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, PAUL RAINWATER ( Filing fee $ 350, receipt number 4616016220) filed by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD. (Attachments: # 1 Civil Cover Sheet)(tr) (Entered: 11/13/2008) |
| 11/12/2008 | 2 | | Corporate Disclosure Statement by GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER. (tr) (Entered: 11/13/2008) |
| 11/12/2008 | 3 | | Corporate Disclosure Statement by NATIONAL FAIR HOUSING ALLIANCE. (tr) (Entered: 11/13/2008) |
| 11/12/2008 | | | SUMMONS Issued(4) as to UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, PAUL RAINWATER, U.S. Attorney and U.S. Attorney General (tr) (Entered: 11/13/2008) |
| 11/17/2008 | 4 | | |

| | | | NOTICE of Appearance by Daniel Tenny on behalf of all plaintiffs (Tenny, Daniel) (Entered: 11/17/2008) |
|---|---|---|---|
| 11/17/2008 | 5 | | NOTICE of Appearance by Llezlie Lloren Green on behalf of all plaintiffs (Green, Llezlie) (Entered: 11/17/2008) |
| 11/17/2008 | 6 | | NOTICE *of Firm Name Change* by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD (Tenny, Daniel) (Entered: 11/17/2008) |
| 11/17/2008 | 7 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– M. Lucia Blacksher, :Firm– Greater New Orleans Fair Housing Action Center, :Address– 228 St. Charles Avenue, STE 1035, New Orleans, LA 70130. Phone No. – 504–208–5050. *Motion For Pro Hac Vice Admission of M. Lucia Blacksher* by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD (Attachments: # 1 Declaration of M. Lucia Blacksher, # 2 Proposed Order)(Green, Llezlie) (Entered: 11/17/2008) |
| 11/18/2008 | 8 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Debo Adegbile, Matthew Colangelo, Damon T. Hewitt, Renika C. Moore, :Firm– NAACP Legal Defense and Educational Fund, Inc., :Address– 99 Hudson Street, 16th Floor, New York, NY 10013. Phone No. – 212–965–2200. *Motion for Pro Hac Vice Admission* by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD (Attachments: # 1 DECLARATION OF DEBO ADEGBILE, # 2 DECLARATION OF MATTHEW COLANGELO, # 3 DECLARATION OF DAMON T. HEWITT, # 4 DECLARATION OF RENIKA C. MOORE, # 5 PROPOSED ORDER)(Green, Llezlie) (Entered: 11/18/2008) |
| 11/19/2008 | | | MINUTE ORDER granting 7 Motion for Pro Hac Vice Admission of M. Lucia Blacksher. Ms. Blacksher is admitted pro hac vice to appear in this matter on behalf of plaintiffs. Signed by Judge Henry H. Kennedy, Jr. on November 19, 2008. (NP) (Entered: 11/19/2008) |
| 11/19/2008 | | | MINUTE ORDER granting 8 Motion for Pro Hac Vice Admission. Debo P. Adegbile, Matthew Colangelo, Damon T. Hewitt, and ReNika C. Moore are admitted pro hac vice to appear in this matter on behalf of plaintiffs. Signed by Judge Henry H. Kennedy, Jr. on November 19, 2008. (NP) |

| | | | (Entered: 11/19/2008) |
|---|---|---|---|
| 01/07/2009 | 9 | | NOTICE of Appearance by James D. Todd on behalf of UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Todd, James) (Entered: 01/07/2009) |
| 01/07/2009 | 10 | | Consent MOTION for Extension of Time to *Respond to Plaintiffs' Complaint* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 01/07/2009) |
| 01/08/2009 | | | MINUTE ORDER granting 10 Consent Motion for Extension of Time for Defendant U.S. Department of Housing and Urban Development to Respond to Plaintiffs' Complaint. Accordingly, defendant's response to plaintiffs' complaint is due on February 12, 2009. Signed by Judge Henry H. Kennedy, Jr. on January 8, 2009. (NP) (Entered: 01/08/2009) |
| 01/08/2009 | | | Defendant's answer is due on February 12, 2009. Signed by Judge Henry H. Kennedy, Jr. on January 8, 2009. (NP) (Entered: 01/08/2009) |
| 01/13/2009 | 11 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 11/14/2008. (Tenny, Daniel) (Entered: 01/13/2009) |
| 01/13/2009 | 12 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT served on 11/14/2008, answer due 2/12/2009 (Tenny, Daniel) (Entered: 01/13/2009) |
| 01/13/2009 | 13 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT served on served on 11/14/2008, answer due 2/12/2009(Tenny, Daniel) Modified on 1/13/2009 to include service and answer dates(tr). (Entered: 01/13/2009) |
| 02/06/2009 | 14 | | Consent MOTION for Extension of Time to *Respond to Plaintiffs' Complaint (Second Request)* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 02/06/2009) |
| 02/09/2009 | | | MINUTE ORDER granting 14 Consent Motion for a Second Extension of Time for Defendant U.S. Department of Housing and Urban Development to Respond to Plaintiffs' Complaint. Defendant's answer is due February 20, 2009. Signed by Judge Henry H. Kennedy, Jr. on February 9, 2009. (NP) (Entered: 02/09/2009) |

| 02/09/2009 | | | RESET DEADLINES. The Department of Housing and Urban Development's answer is due February 20, 2009. Signed by Judge Henry H. Kennedy, Jr. on February 9, 2009. (NP) (Entered: 02/09/2009) |
|---|---|---|---|
| 02/10/2009 | 15 | | STIPULATION *To Extent Deadline To Seek Class Certification* by GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER. (Attachments: # 1 Proposed Order)(Sellers, Joseph) (Entered: 02/10/2009) |
| 02/11/2009 | 16 | | ORDER extending deadline for seeking class certification. Signed by Judge Henry H. Kennedy, Jr. on February 11, 2009. (NP) (Entered: 02/11/2009) |
| 02/20/2009 | 17 | | Consent MOTION for Extension of Time to *Respond to Plaintiffs' Complaint (Third Request)* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 02/20/2009) |
| 02/23/2009 | 18 | | NOTICE *Of Attorney Name Change* by GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER (Coleman, Llezlie) (Entered: 02/23/2009) |
| 02/23/2009 | 19 | | NOTICE *Of Firm Name Change* by GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER (Coleman, Llezlie) (Entered: 02/23/2009) |
| 02/24/2009 | | | MINUTE ORDER granting 17 Consent Motion for a Third Extension of Time for Defendant U.S. Department of Housing and Urban Development to Respond to Plaintiffs' Complaint. Defendant U.S. Department of Housing and Urban Development's Answer is due on March 6, 2009. Signed by Judge Henry H. Kennedy, Jr. on February 24, 2009. (NP) (Entered: 02/24/2009) |
| 02/24/2009 | | | RESET DEADLINES. The Department of Housing and Urban Development's answer is due March 6, 2009. Signed by Judge Henry H. Kennedy, Jr. on February 24, 2009. (NP) (Entered: 02/24/2009) |
| 03/06/2009 | 20 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Suzanne Marie Risey, Allen J. Krouse, III, Renee Gluth Culotta, :Firm– Frilot L.L.C., :Address– 1100 Poydras Street, 36th Floor, New Orleans, LA 70163. Phone No. – 504–599–8016. Fax No. – 504–599–8116 by PAUL RAINWATER (Attachments: # 1 Declaration Declaration of Suzanne Marie Risey, # 2 Declaration Declaration of Allen J. Krouse, III, # 3 Declaration Declaration of Renee Gluth Culotta, # 4 Text of Proposed Order Proposed Order Granting Pro Hac Vice Admissions)(Heffernan, Timothy) (Entered: 03/06/2009) |
| 03/06/2009 | 21 | | Consent MOTION for Extension of Time to File Response/Reply by PAUL RAINWATER (Attachments: # |

| | | | |
|---|---|---|---|
| | | | 1 Text of Proposed Order Granting Motion for Extension of Time for Defendant Paul Rainwater, Executive Director of the Louisiana Recovery Authority to Respond to Plaintiffs' Complaint)(Heffernan, Timothy) (Entered: 03/06/2009) |
| 03/06/2009 | | | MINUTE ORDER granting 20 Motion for Pro Hac Vice Admissions. Allen J. Krouse, III, Renee Gluth Culotta, and Suzanne Marie Risey are admitted pro hac vice to appear in this matter on behalf of defendants. Signed by Judge Henry H. Kennedy, Jr. on March 6, 2009. (NP) (Entered: 03/06/2009) |
| 03/06/2009 | | | MINUTE ORDER granting 21 Consent Motion for Extension of Time for Defendant to Respond to Plaintiff's Complaint. Accordingly, defendants' answer is due April 6, 2009. Signed by Judge Henry H. Kennedy, Jr. on March 6, 2009. (NP) (Entered: 03/06/2009) |
| 03/06/2009 | | | RESET DEADLINE: Defendants' answer is due April 6, 2009. Signed by Judge Henry H. Kennedy, Jr. on March 6, 2009. (NP) (Entered: 03/06/2009) |
| 03/06/2009 | 22 | | MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Declaration of Jessie Handforth Kome in Support of Motion to Dismiss, # 2 Text of Proposed Order)(Todd, James) (Entered: 03/06/2009) |
| 03/10/2009 | 23 | | ENTERED IN ERROR.....RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER served on 2/16/2009, answer due 3/9/2009 (Coleman, Llezlie) Modified on 3/11/2009 (jf, ). (Entered: 03/10/2009) |
| 03/11/2009 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 23 Summons Returned Executed was entered in error and counsel was instructed to refile said pleading as to the correct party served. (jf, ) (Entered: 03/11/2009) |
| 03/11/2009 | 24 | | ENTERED IN ERROR.....RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PAUL RAINWATER served on 2/16/2009, answer due 4/6/2009 (Coleman, Llezlie) Modified on 3/11/2009 (tr). (Entered: 03/11/2009) |
| 03/11/2009 | | | NOTICE OF ERROR re 24 Summons Returned Executed; emailed to lgreen@cohenmilstein.com, cc'd 14 associated attorneys –– The PDF file you docketed contained errors: 1. Incorrect document/case, 2. Please refile document, 3. Counsel is advised to refile return of service with proper documentation (tr, ) (Entered: 03/11/2009) |
| 03/20/2009 | 25 | | |

| | | | |
|---|---|---|---|
| | | | STIPULATION *Regarding Scheduling* by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD. (Attachments: # 1 Text of Proposed Order)(Tenny, Daniel) (Entered: 03/20/2009) |
| 03/23/2009 | 26 | | ORDER granting Stipulation Regarding Scheduling. Signed by Judge Henry H. Kennedy, Jr. on March 23, 2009. (NP) (Entered: 03/23/2009) |
| 03/25/2009 | | | Reset Deadlines: Answer due by 5/6/2009; Response to Dispositive Motions due by 6/5/2009. (tj ) (Entered: 03/25/2009) |
| 03/25/2009 | 27 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to PAUL RAINWATER served on 2/16/2009, answer due date 4/6/2009. (Coleman, Llezlie) Modified on 3/26/2009 to correct docket text to reflect document filed (tr). (Entered: 03/25/2009) |
| 05/05/2009 | 28 | | MOTION to Dismiss, MOTION to Transfer Case by PAUL RAINWATER (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order regarding Motion to Dismiss, # 6 Text of Proposed Order regarding Motion to Transfer)(Culotta, Renee) (Entered: 05/05/2009) |
| 05/14/2009 | 29 | | Consent MOTION for Extension of Time to File Response/Reply as to 28 MOTION to Dismiss MOTION to Transfer Case by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 05/14/2009) |
| 05/18/2009 | | | MINUTE ORDER granting 29 Consent Motion for Extension of Time for Defendant U.S. Department of Housing and Urban Development to Respond to 28 Motion to Dismiss and Motion to Transfer. Defendant U.S. Department of Housing and Urban Development must file any response on or before June 12, 2009. Signed by Judge Henry H. Kennedy, Jr. on May 18, 2009. (lchhk1) (Entered: 05/18/2009) |
| 05/19/2009 | 30 | | NOTICE of Appearance by Jenny R. Yang on behalf of all plaintiffs (Yang, Jenny) (Entered: 05/19/2009) |
| 05/27/2009 | 31 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER. Attorney M. Lucia Blacksher terminated. (Blacksher, M.) (Entered: 05/27/2009) |
| 06/03/2009 | 32 | | Unopposed MOTION Leave to File Consolidated Response Not to Exceed 65 Pages re 22 MOTION to Dismiss for |

| | | | |
|---|---|---|---|
| | | | Lack of Jurisdiction *and for Failure to State a Claim*, 28 MOTION to Dismiss MOTION to Transfer Case by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD (Attachments: # 1 Text of Proposed Order)(Tenny, Daniel) (Entered: 06/03/2009) |
| 06/04/2009 | | | MINUTE ORDER granting 32 Unopposed Motion to File Consolidated Memorandum in Response to Motions to Dismiss and Motion to Transfer. Accordingly, plaintiffs may file a single consolidated response to 22 Defendant U.S. Department of Housing and Urban Development's Motion to Dismiss and 28 Defendant Paul Rainwater's Motion to Dismiss and Motion to Transfer, not to exceed 65 pages. Signed by Judge Henry H. Kennedy, Jr. on June 4, 2009. (lchhk1) (Entered: 06/04/2009) |
| 06/05/2009 | 33 | | Memorandum in opposition to re 28 MOTION to Dismiss MOTION to Transfer Case filed by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 06/05/2009) |
| 06/05/2009 | 34 | | Memorandum in opposition to re 22 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim*, 28 MOTION to Dismiss MOTION to Transfer Case filed by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit List, # 3 Exhibit A 2005 Act, # 4 Exhibit B. 2006 Act, # 5 Exhibit C 2007 Act, # 6 Exhibit D Feb 13 2006 Regulation, # 7 Exhibit E Oct 30 2006 Regulation, # 8 Exhibit F Dec 11 2007 Regulation, # 9 Exhibit G Aug 8 2008 Regulation, # 10 Exhibit H Appeals and Second Disbursements, # 11 Exhibit I Filing an Appeal)(Sellers, Joseph) (Entered: 06/05/2009) |
| 06/11/2009 | 35 | | STIPULATION re 34 Memorandum in Opposition,, *to Extend Time for Defendants' Replies* by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 06/11/2009) |
| 07/02/2009 | 36 | | Unopposed MOTION for Leave to File Excess Pages by PAUL RAINWATER (Attachments: # 1 Text of Proposed Order)(Culotta, Renee) (Entered: 07/02/2009) |
| 07/02/2009 | 37 | | MOTION to Withdraw as Attorney *(Daniel Tenny)* by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, |

| | | | |
|---|---|---|---|
| | | | NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD (Attachments: # 1 Text of Proposed Order)(Tenny, Daniel) (Entered: 07/02/2009) |
| 07/06/2009 | | | MINUTE ORDER granting 36 Unopposed Joint Motion to Exceed Page Limitation for Defendants, Paul Rainwater and U.S. Department of Housing and Urban Development (HUD). Accordingly, defendant Rainwater may exceed the page limitation of his reply brief by an additional fifteen pages and defendant HUD may exceed the page limitation of its reply brief by an additional five pages. Signed by Judge Henry H. Kennedy, Jr. on July 6, 2009. (lchhk1) (Entered: 07/06/2009) |
| 07/06/2009 | | | ORDER granting 37 Motion of Withdrawal as Attorney for Daniel Tenny. Attorney Tenny is terminated from this case. Signed by Judge Henry H. Kennedy, Jr. on July 6, 2009. (lchhk1) (Entered: 07/06/2009) |
| 07/08/2009 | 38 | | REPLY to opposition to motion re 22 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* filed by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Todd, James) (Entered: 07/08/2009) |
| 07/08/2009 | 39 | | REPLY to opposition to motion re 28 MOTION to Dismiss MOTION to Transfer Case filed by PAUL RAINWATER. (Attachments: # 1 Exhibit D)(Culotta, Renee) (Entered: 07/08/2009) |
| 07/10/2009 | 40 | | ERRATA by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT 38 Reply to opposition to Motion filed by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Errata Corrected Copy of Reply)(Todd, James) (Entered: 07/10/2009) |
| 07/23/2009 | 41 | | MOTION for Hearing re 22 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim*, 28 MOTION to Dismiss MOTION to Transfer Case by DAPHNE JONES, EDWARD RANDOLPH, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, NATIONAL FAIR HOUSING ALLIANCE, GLORIA BURNS, RHONDA DENTS, ALMARIE FORD (Attachments: # 1 Text of Proposed Order)(Sellers, Joseph) (Entered: 07/23/2009) |
| 08/06/2009 | 42 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 41 MOTION for Hearing re 22 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim*, 28 MOTION to Dismiss MOTION to Transfer Case MOTION for Hearing re 22 MOTION to Dismiss for Lack of Jurisdiction *and for* |

| | | | |
|---|---|---|---|
| | | | *Failure to State a Claim,* 28 MOTION to Dismiss MOTION to Transfer Case by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 08/06/2009) |
| 08/07/2009 | 43 | | Memorandum in opposition to re 41 MOTION for Hearing re 22 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim,* 28 MOTION to Dismiss MOTION to Transfer Case MOTION for Hearing re 22 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim,* 28 MOTION to Dismiss MOTION to Transfer Case filed by UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Todd, James) (Entered: 08/07/2009) |
| 08/10/2009 | | | MINUTE ORDER granting nunc pro tunc 42 Unopposed Motion for Extension of Time for Defendant U.S. Department of Housing and Urban Development to File Opposition to Plaintiffs' Motion for a Hearing. Signed by Judge Henry H. Kennedy, Jr. on August 10, 2009. (lchhk1) (Entered: 08/10/2009) |
| 01/14/2010 | 44 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH. Attorney Matthew Colangelo terminated. (Colangelo, Matthew) (Entered: 01/14/2010) |
| 03/03/2010 | | | MINUTE ORDER denying 41 Plaintiffs' Motion for an Oral Hearing on Defendants' Motions to Dismiss and Transfer. Signed by Judge Henry H. Kennedy, Jr. on March 3, 2010. (NP) (Entered: 03/03/2010) |
| 05/24/2010 | 45 | | ORDER scheduling a hearing on the parties' motions to dismiss on June 4, 2010, at 3:00 pm, to address issues specified in the Court's Order. Signed by Judge Henry H. Kennedy, Jr. on May 24, 2010. (NP) (Entered: 05/24/2010) |
| 05/27/2010 | 46 | | Unopposed MOTION to Continue *and/or Reset Hearing* by PAUL RAINWATER (Attachments: # 1 Text of Proposed Order)(Culotta, Renee) (Entered: 05/27/2010) |
| 06/01/2010 | 47 | | NOTICE of Appearance by Peter Romer–Friedman on behalf of GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Romer–Friedman, Peter) (Entered: 06/01/2010) |

| 06/01/2010 | 48 | | NOTICE of Appearance by Danielle Yvette Conley on behalf of GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Conley, Danielle) (Entered: 06/01/2010) |
|---|---|---|---|
| 06/02/2010 | | | MINUTE ORDER granting 46 Unopposed Motion to Reset Hearing. The hearing scheduled to take place on Friday, June 4, 2010, is hereby continued and shall be rescheduled by the Court. Signed by Judge Henry H. Kennedy, Jr. on June 2, 2010. (NP) (Entered: 06/02/2010) |
| 06/02/2010 | 49 | | NOTICE *of Substitution of Named Party (Rainwater)* by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Moore, ReNika) (Entered: 06/02/2010) |
| 06/02/2010 | 50 | | MOTION for Temporary Restraining Order *and a Preliminary Injunction* by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Certificate of Counsel, # 4 List of Exhibits, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Exhibit K, # 16 Exhibit L, # 17 Exhibit M, # 18 Exhibit N, # 19 Exhibit O, # 20 Exhibit P, # 21 Exhibit Q, # 22 Exhibit R, # 23 Exhibit S Part 1, # 24 Exhibit S Part 2, # 25 Exhibit T, # 26 Exhibit U, # 27 Exhibit V, # 28 Exhibit W, # 29 Exhibit X, # 30 Exhibit Y, # 31 Exhibit Z, # 32 Exhibit aa, # 33 Exhibit bb, # 34 Exhibit cc, # 35 Exhibit dd, # 36 Exhibit ee, # 37 Exhibit ff, # 38 Exhibit gg)(Sellers, Joseph). Added MOTION for Preliminary Injunction on 6/3/2010 (znmw, ). (Entered: 06/02/2010) |
| 06/03/2010 | 51 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Morgan Whitney Williams, :Firm– Greater New Orleans Fair Housing Action Center, :Address– 404 S. Jeff Davis Pkwy, New Orleans, LA 70119. Phone No. – (504) 596–2100, ext. 104. Fax No. – (504) 708–2476 by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Romer–Friedman, Peter) (Entered: 06/03/2010) |
| 06/04/2010 | 52 | | CLARIFICATION OF THE COURT'S MAY 24, 2010 |

| | | | |
|---|---|---|---|
| | | | ORDER. Signed by Judge Henry H. Kennedy, Jr. on June 4, 2010. (NP) (Entered: 06/04/2010) |
| 06/07/2010 | | | MINUTE ORDER granting 51 Motion for Pro Hac Vice Admission of Morgan Whitney Williams. Mr. Williams is hereby admitted pro hac vice to appear in this action on behalf of plaintiffs. Signed by Judge Henry H. Kennedy, Jr. on June 7, 2010. (NP) (Entered: 06/07/2010) |
| 06/07/2010 | 53 | | RESPONSE TO ORDER OF THE COURT re 52 Order *Clarifying the Court's May 24, 2010 Order* filed by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Sellers, Joseph) (Entered: 06/07/2010) |
| 06/09/2010 | 54 | | MOTION for Extension of Time to File Response/Reply as to 50 MOTION for Temporary Restraining Order *and a Preliminary Injunction* MOTION for Preliminary Injunction by ROBIN KEEGAN (Attachments: # 1 Text of Proposed Order)(Culotta, Renee) (Entered: 06/09/2010) |
| 06/09/2010 | 55 | | Memorandum in opposition to re 54 MOTION for Extension of Time to File Response/Reply as to 50 MOTION for Temporary Restraining Order *and a Preliminary Injunction* MOTION for Preliminary Injunction filed by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH. (Sellers, Joseph) (Entered: 06/09/2010) |
| 06/10/2010 | 56 | | ORDER denying 54 Motion for Extension of Time for Defendant Robin Keegan, Executive Director of the Louisiana Recovery Authority, to respond to 50 Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction; setting a briefing schedule and hearing on 50 Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. Signed by Judge Henry H. Kennedy, Jr. on June 10, 2010. (NP) (Entered: 06/10/2010) |
| 06/14/2010 | 57 | | Memorandum in opposition to re 50 MOTION for Temporary Restraining Order *and a Preliminary Injunction* MOTION for Preliminary Injunction filed by ROBIN KEEGAN. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Culotta, Renee) (Entered: 06/14/2010) |
| 06/18/2010 | 58 | | REPLY to opposition to motion re 50 MOTION for Temporary Restraining Order *and a Preliminary Injunction* MOTION for Preliminary Injunction filed by GLORIA |

| | | | BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH. (Attachments: # 1 Affidavit Exhibit 1, # 2 Exhibit Exhibit A (Part 1) to Exhibit 1, # 3 Exhibit Exhibit A (Part 2) to Exhibit 1, # 4 Exhibit Exhibit A (Part 3) to Exhibit 1, # 5 Affidavit Exhibit A (Part 4) to Exhibit 1, # 6 Exhibit Exhibit 2)(Romer–Friedman, Peter) (Entered: 06/18/2010) |
|---|---|---|---|
| 06/25/2010 | | | Minute Entry for proceedings held before Judge Henry H. Kennedy: Motion Hearing held on 6/25/2010 re 50 MOTION for Temporary Restraining Order *and a Preliminary Injunction* (Court Reporter: Annie Shaw.) (tj) (Entered: 06/28/2010) |
| 06/29/2010 | 59 | 24 | ORDER denying 50 Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. Signed by Judge Henry H. Kennedy, Jr. on June 29, 2010. (NP) (Entered: 06/29/2010) |
| 06/30/2010 | 60 | | MOTION to Withdraw as Attorney *Motion Of Withdrawal As Attorney For Llezlie Green Coleman* by GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER (Attachments: # 1 Proposed Order)(Coleman, Llezlie) (Entered: 06/30/2010) |
| 07/06/2010 | 61 | 28 | MEMORANDUM OPINION setting forth the rationale for 59 the Court's order of June 29, 2010, which denied 50 Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. Signed by Judge Henry H. Kennedy, Jr. on July 6, 2010. (NP) (Entered: 07/06/2010) |
| 07/21/2010 | 62 | | Second MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Hewitt, Damon) (Entered: 07/21/2010) |
| 07/22/2010 | 63 | | MOTION for Extension of Time to File Response/Reply as to 62 Second MOTION for Temporary Restraining Order MOTION for Preliminary Injunction by ROBIN KEEGAN (Attachments: # 1 Text of Proposed Order)(Risey, Suzanne) (Entered: 07/22/2010) |
| 07/23/2010 | 64 | | ENTERED IN ERROR.....NOTICE *of Appeal* by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH (Moore, ReNika) Modified on 7/26/2010 (znmw, ). (Entered: |

| | | | |
|---|---|---|---|
| | | | 07/23/2010) |
| 07/23/2010 | 65 | | Memorandum in opposition to re 63 MOTION for Extension of Time to File Response/Reply as to 62 Second MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH. (Attachments: # 1 Exhibit A (Pages from 6/25/10 hearing transcript), # 2 Exhibit B (Hewitt Aff.))(Moore, ReNika) (Entered: 07/23/2010) |
| 07/23/2010 | 66 | | ORDER denying 63 Defendant Robin Keegan's Motion for Extension of Time to File Response/Reply to Plaintiffs' Second Motion for a Temporary Restraining Order. Signed by Judge Henry H. Kennedy, Jr. on July 23, 2010. (lchhk1) (Entered: 07/23/2010) |
| 07/26/2010 | | | NOTICE OF ERROR re 64 Notice (Other); emailed to rmoore@naacpldf.org, cc'd 17 associated attorneys –– The PDF file you docketed contained errors: 1. Incorrect event used, 2. Please refile document, 3. Entered in Error; Refile as a Notice of Interlocutory Appeal (under Appeal Documents) and pay fee. (znmw, ) (Entered: 07/26/2010) |
| 07/26/2010 | 67 | 25 | NOTICE OF INTERLOCUTORY APPEAL as to 61 Memorandum &Opinion, 59 Order on Motion for TRO, Order on Motion for Preliminary Injunction by GLORIA BURNS, RHONDA DENTS, ALMARIE FORD, GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, DAPHNE JONES, NATIONAL FAIR HOUSING ALLIANCE, EDWARD RANDOLPH. Filing fee $ 455, receipt number 0090–2247487. Fee Status: Fee Paid. Parties have been notified. (Moore, ReNika) (Entered: 07/26/2010) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, et al.** **Plaintiffs,** v. **UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** and **ROBIN KEEGAN, Executive Director of the Louisiana Recovery Authority,** **Defendants.** |

Civil Action 08-01938  (HHK)

**ORDER**

Before the Court is plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, filed on June 2, 2010 [#50].  The parties have filed extensive briefing on this motion and appeared before the Court for lengthy oral argument as to the issues it raises on June 25, 2010.  Upon consideration of the motion, the opposition thereto, the parties' arguments at the June 25 hearing, and the record of this case, the Court concludes that the motion should be denied.  Accordingly, it is this 29th day of June 2010, hereby

**ORDERED** that plaintiffs' motion for a temporary restraining order and a preliminary injunction [#50] is **DENIED**.  A memorandum opinion setting forth the Court's rationale will be forthcoming as soon as the business of the Court permits.

Henry H. Kennedy, Jr.
United States District Judge

Case 1:08-cv-01938-HHK Document 66 Filed 07/26/10 Page 25 of 34

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, *et al.*, | |
| Plaintiffs, | |
| v. | No. 1:08-cv-1938-HHK |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | |
| Defendants. | |

## NOTICE OF APPEAL

Notice is hereby given that all Plaintiffs in the above-captioned action hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from Judge Kennedy's Order denying the Plaintiffs' Motion for Preliminary Injunction, entered in this action on June 29, 2010 (Dkt. 59), and the related memorandum opinion setting forth its reasoning for the denial, entered on July 6, 2010 (Dkt. No. 61) in the United States District Court for the District of Columbia.

Dated: <u>July 26, 2010</u>

Respectfully submitted,

NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.

 /s/ ReNika C. Moore

 John Payton, Director-Counsel
 (D.C. Bar No. 282699)
 Debo P. Adegbile
 Damon T. Hewitt
 ReNika C. Moore
 NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.

99 Hudson Street, 16th Floor
New York, NY 10013
(ph) 212-965-2268 / (fax) 212-226-7592
rmoore@naacpldf.org

Joseph M. Sellers (D.C. Bar No. 318410)
Jenny R. Yang (D.C. Bar No. 484874)
Peter Romer-Friedman (D.C. Bar No. 993376)
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Avenue, NW, Suite 500
(ph) 202-408-4600 / (fax) 202-408-4699
jsellers@cohenmilstein.com

Morgan Williams
GREATER NEW ORLEANS FAIR
  HOUSING ACTION CENTER, INC.
228 St. Charles Avenue, Suite 1035
New Orleans, LA 70130
(ph) 504-596-2100
mwilliams@gnofairhousing.org

Craig Goldblatt (D.C. Bar No. 449229)
Danielle Conley (D.C. Bar No. 503345)
WILMERHALE
1875 Pennsylvania Avenue, NW
Washington DC  20006
(ph) 202-663-6006 / (fax) 202-663-6363
danielle.conley@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, the foregoing document was filed electronically

with the Court's ECF system, through which a copy was served on:

Allen J. Krouse, III                              James D. Todd
Renee G. Culotta                                  U.S. DEPARTMENT OF JUSTICE
Suzanne M. Risey                                  20 Massachusetts Avenue, N.W.
FRILOT L.L.C.                                     Washington, DC 20001
1100 Poydras Street                               Telephone: 202-514-3378
Suite 3600                                        Facsimile: 202- 616-8470
New Orleans, LA 70163                             Email: james.todd@usdoj.gov
Telephone: 504-599-8004
Facsimile: 504-599-8104
Email: akrouse@frilot.com
Email: rculotta@frilot.com
Email: srisey@frilot.com

*Attorneys for Defendant*                         *Attorney for Defendant*
*Executive Director of the*                       *United States Dept. of*
*Louisiana Recovery Authority*                    *Housing and Urban*
                                                  *Development*


 /s/ ReNika C. Moore

Case 1:08-cv-01938-HHK   Document 61   Filed 07/06/10   Page 1 of 17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br><br>and<br><br>ROBIN KEEGAN, Executive Director of the Louisiana Recovery Authority,<br><br>Defendants. | Civil Action 08-01938  (HHK) |

## MEMORANDUM OPINION

Greater New Orleans Fair Housing Action Center, the National Fair Housing Alliance, and five individuals who own homes in New Orleans (collectively "plaintiffs")[1] bring this action against Robin Keegan, in her official capacity as Executive Director of the Louisiana Recovery Authority ("LRA"), and the U.S. Department of Housing and Urban Development ("HUD"), asserting that defendants have violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*.[2] This case arises from the alleged racially discriminatory effect of a formula used to distribute

---

[1]   Plaintiffs intend to represent a class of individual homeowners but, in accordance with a deadline set in an order proposed by the parties and entered by the Court on February 9, 2009, they have not yet filed for class certification.

[2]   Plaintiffs' complaint also includes a claim under the Housing and Community Development Act, 42 U.S.C. § 5301 *et seq*.  In the briefing currently before the Court, plaintiffs focus only on their FHA claim, so this memorandum opinion similarly does not discuss this second claim.

grants as part of the Road Home Homeowner Assistance Program ("Road Home Program" or "Program"), a housing redevelopment initiative designed to help homeowners affected by Hurricanes Katrina and Rita.  Plaintiffs seek an injunction requiring recalculation of Program awards to homeowners in New Orleans using a formula that does not have a disparate impact on African Americans.

On June 29, 2010, the Court issued an order that denied plaintiffs' motion for a temporary restraining order and a preliminary injunction [#50] which sought to enjoin Keegan from spending surplus funds that remain available to the Road Home Program, or seeking any additional Program funds from HUD, while this case is pending.  This opinion explains the reasoning on which that order was based.

## I. BACKGROUND

In 2005, Hurricanes Katrina and Rita caused catastrophic damage to New Orleans, Louisiana, and other nearby places.  In response, Congress created a block grant program to assist in recovery of the region, which it funded through three appropriations statutes.  *See* Pub. L. No. 109-148, 119 Stat. 2680, 2779-81 (Dec. 30, 2005); Pub. L. No. 109-234, 120 Stat. 418, 472-73 (June 15, 2006); Pub. L. No. 110-116, 121 Stat. 1295, 1343-44 (Nov. 13, 2007).  Pursuant to these statutes and HUD regulations, the State of Louisiana was to receive $13.4 billion.  *See* 71 Fed. Reg. 7666, 7666 (Feb. 13, 2006) (allocating $6.2 billion from the first appropriation to Louisiana); 71 Fed. Reg. 63,337, 63,338 (Oct. 30, 2006) (allocating $4.2 billion from the second appropriation to Louisiana); 121 Stat. at 1343-44 (appropriating $3 billion for supplemental grants to Louisiana).

2

Louisiana designated approximately $11 billion of those funds for the Road Home Program. The LRA, in consultation with HUD, developed the Program; HUD approved it and disburses the money Congress has appropriated for it to the LRA; and the LRA administers it. Under a portion of the Program called Option 1, an individual whose house was damaged by the hurricanes may choose to receive a grant to repair or rebuild her home.[3] Each beneficiary of an Option 1 grant receives an award in the amount of either the value of her home before the storms or the cost of repairing her home, *whichever is less*, but not in excess of $150,000. Since plaintiffs initiated their suit, the LRA has created Additional Compensation Grants ("ACGs"), supplemental awards available to Option 1 beneficiaries whose incomes are at or below eighty percent of the median in their areas. Regardless of the pre-storm values of their homes, these individuals may receive ACGs such that their total awards from the Road Home Program reach the cost of repairs to their homes, still subject to the $150,000 cap.

Since the Road Home Program's inception, the LRA has distributed Option 1 awards to tens of thousands of homeowners. As of the time of the briefing regarding plaintiffs' current motion, only 179 individuals who applied for Option 1 grants had yet to receive their awards. The LRA has money set aside to fund grants for those individuals, to continue to distribute ACGs to eligible individuals, and for other projects within the Road Home Program. The LRA is currently seeking approval to use much of the Program money not yet designated to a specific use for "Action Plan Amendment 43," a construction lending program designed to assist Road Home

---

[3]     The Program also permits homeowners to instead opt to receive smaller grants to obtain housing elsewhere in Louisiana or outside the state. The design and implementation of those aspects of the Program are not at issue here.

3

Program beneficiaries who have not been able to complete repairs to their homes.  Keegan

estimates that she has $554.5 million remaining in the Program budget.

Individual plaintiffs Gloria Burns, Rhonda Dents, Almarie Ford, Daphne Jones, and

Edward Randolph are African Americans who own homes in New Orleans that were severely

damaged by Hurricane Katrina, and subsequent flooding, in 2005.[4]  Each applied for a Road

Home Program grant under Option 1, and each received an award based on the pre-storm value

of her or his home rather than the cost of repairing that home.[5]  Since receiving their initial

grants, Burns and Jones have been deemed eligible to receive ACGs such that their total awards

will amount to $150,000.

In their complaint, plaintiffs allege that the LRA's reliance on home values in calculating

awards "has a discriminatory disparate impact on African Americans living in historically

segregated communities."  Compl. ¶ 52.  Specifically, they argue that because "African American

homeowners in New Orleans are more likely than white homeowners in New Orleans to own

---

[4]     The other plaintiffs, Greater New Orleans Fair Housing Action Center, a non-profit organization based in Louisiana, and the National Fair Housing Alliance, a non-profit organization based in Washington, D.C., are advocacy groups that, *inter alia*, oppose housing discrimination.

[5]     According to the complaint, Burns received $106,500, which was $89,000 less than the cost of damage to her home and $43,500 less than the maximum she could have received; Dents received $88,534, which was $58,730 less than the cost of damage to her home; Ford received $3,468, which was $156,073 less than the cost of damage to her home and $146,532 less than the maximum she could have received; Jones received $61,000, which was $45,262 less than the cost of damage to her home; and Randolph received $16,650, which was $173,193 less than the cost of damage to his home and $133,350 less than the maximum he could have received.  Compl. ¶¶ 61-65.  Some of the awards are in amounts less than the pre-storm value of the home because the LRA deducts from each grant any amount of money the homeowner has received as compensation for storm damage from her insurance company or another source, such as the Federal Emergency Management Agency.

4

homes with lower values," African-American recipients of Road Home Program grants are more likely than white recipients to receive only the amount of the pre-storm value of their homes and, consequently, to have a larger gap than white recipients between the amount of the grant and the cost of rebuilding.  Compl. ¶¶ 54-57.  This effect, plaintiffs assert, constitutes a violation of the Fair Housing Act.[6]  Ultimately, plaintiffs seek injunctive relief, "including but not limited to ordering Defendants to cease immediately their violation of Plaintiffs' rights, and to remedy the invidious effects of their violations by recalculating Road Home homeowner grants in a nondiscriminatory manner."  Compl. at 17.

At this time, plaintiffs seek a preliminary injunction enjoining Keegan from spending any surplus funds—that is, Program funds not already designated for the remaining 179 Option 1 awards, ACGs, or any other specific use—until the merits of their case are resolved.  They make this request because Keegan will only be able to distribute recalculated awards, should plaintiffs prevail on the merits, if sufficient Road Home Program funds remain available for that purpose.

Plaintiffs' motion for a preliminary injunction is accompanied by evidence they allege supports their allegation that the Option 1 formula has a discriminatory effect.  Specifically, they point to statistics from the U.S. Census showing that in New Orleans, homes owned by African Americans have lower values, on average, than homes owned by whites.  Pls.' Mot. for TRO, Ex. P.  They attached to their motion a study by PolicyLink, "a national independent research

---

[6]     Specifically, Count I of the complaint alleges that defendants have (1) "made unavailable or denied housing to African American homeowners because of their race in violation of" section 3604(a) of the FHA; (2) "discriminated against African Americans because of their race in the availability of, and in the terms and conditions of, real estate-related transactions in violation of" section 3605(a) of the FHA; and (3) "failed to administer housing-related programs and activities in a manner that affirmatively furthers fair housing, in violation of" sections 3608(d) and 3608(e)(5) of the FHA.  Compl. ¶¶ 74-76.

5

organization," which concludes that on average, African-American applicants to the Road Home Program received funds in amounts further below the costs to rebuild their homes than white applicants.  *Id.* at 11-12; *id.*, Ex. S.  They also assert that Paul Rainwater, Keegan's predecessor at the LRA, told a subcommittee of the U.S. House of Representatives that home values in African-American neighborhoods tend to be lower than in white neighborhoods and that he was "sure" that African-American homeowners were more likely than whites to receive awards based on the value of their homes than the cost of repairs.  *Id.* at 15-16; *id.*, Ex. N at 23-24.  Finally, they attach to their motion the declaration of Carol Johnson, president of a Louisiana mortgage company, who asserts she has expertise in the mortgage industry and that she has "observed that because of the formula employed, Road Home Program grant calculations result in homeowners in predominantly African American areas received lower grant awards than homeowners in predominantly White areas."  *Id.*, Ex. T ¶ 7.[7]

## II. ANALYSIS

This court may issue a preliminary injunction only when the movant demonstrates: (1) "a substantial likelihood of success on the merits"; (2) "that it would suffer irreparable injury if the injunction is not granted"; (3) "that an injunction would not substantially injure other interested parties"; and (4) "that the public interest would be furthered by the injunction."  *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of*

---

[7]     Keegan has moved to strike this declaration because Johnson is "not an expert economist or statistician."  Keegan Opp'n to Pls.' Mot. for TRO ("Keegan Opp'n") at 29 n.20.  Plaintiffs oppose this motion, arguing that Johnson has relevant expertise regarding home values in New Orleans.  The parties have made these arguments in less detail than is necessary for the Court to rule on the motion.  Furthermore, the Court's ruling on plaintiffs' motion does not depend on whether it considers this evidence.

6

*Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). "These factors interrelate on a sliding scale and must be balanced against each other." *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). Because preliminary injunctions are "extraordinary and drastic" forms of judicial relief, district courts should not grant them "unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2948, pp. 129-130 (2d ed.1995)) (emphasis in *Mazurek*).

**A.      Plaintiffs Have Not Shown a Likelihood of Success on the Merits.**

> **1.      Plaintiffs have demonstrated that they could likely make out a prima facie case of discrimination in violation of the Fair Housing Act.**

For the reasons explained below, the Court concludes that it may not provide the ultimate relief plaintiffs seek and therefore should not grant the preliminary relief they currently request. But the Court notes first that plaintiffs' disparate impact claim under the Fair Housing Act appears to have merit. Although full analysis of the issues raised here is unnecessary, the Court feels compelled nevertheless to briefly explain its reasoning.

Although the D.C. Circuit did not determine in *2922 Sherman Avenue Tenants' Association v. District of Columbia*, 444 F.3d 673 (D.C. Cir. 2006), which of two possible standards courts in this Circuit are to apply in assessing disparate impact claims under the FHA, *see id.* at 680, the Court believes that the appropriate approach is the burden-shifting framework adopted by several other Circuits. Under this framework, "once the plaintiff demonstrates that the challenged practice has a disproportionate impact, the burden shifts to the defendant to 'prove that its actions furthered, in theory and in practice, a legitimate, bona fide governmental interest

and that no alternative would serve that interest with less discriminatory effect.'" *Id.* (quoting

*Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 935-36 (2d Cir. 1988)).

Plaintiffs have demonstrated that they would likely be able to make out this prima facie

case after discovery. The statistical and anecdotal evidence they submit to the Court leads to a

strong inference that, on average, African-American homeowners received awards that fell

farther short of the cost of repairing their homes than did white recipients. Keegan's attacks on

that evidence are unpersuasive. Plaintiffs need not make a showing at this stage of the

proceedings, before discovery and when briefing is necessarily rushed, sufficient to prove the

merits of their case. Keegan neither demonstrates that plaintiffs' statistics or logic is flawed nor

provides data about the administration of the Program that would show what effect the Option 1

formula has had. *Cf. Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395,

1412 (D.C. Cir. 1988) ("Defendants may also attempt to undermine plaintiffs' prima facie case

by attacking the validity of plaintiffs' statistical evidence, or by introducing statistical evidence

of their own showing that the challenged practice did not have racially disproportionate results."

(citation omitted)). She has also offered no legitimate reason for taking pre-storm home values

into account in calculating Program awards. The Court does not take lightly that some African-

American homeowners received lower awards than they would have if their homes were in

predominantly white neighborhoods. And, although the Court appreciates that all of the parties

are committed to the rebuilding of a city that has suffered greatly, it is regrettable that this effort

to do so appears to have proceeded in a manner that disadvantaged African-American

homeowners who wish to repair their homes.

8

Case 1:08-cv-01938-HHK   Document 61   Filed 07/06/10   Page 9 of 17

2.     **Plaintiffs cannot prevail on the merits because this Court does not have the authority to grant the ultimate relief they seek.**

Keegan argues that regardless of the merit of plaintiffs' discrimination claim, the Court lacks subject matter jurisdiction over this case because the Eleventh Amendment to the U.S. Constitution bars the Court from providing the relief plaintiffs seek.  Her primary argument[8] is based on a legal premise the Court explained in some detail in a Clarification [#52] to an order it entered regarding a motion to dismiss Keegan filed before plaintiffs submitted their motion.  For clarity, the Court again describes the legal background before addressing plaintiffs' response.

The Eleventh Amendment bars suits against states absent the relevant state's consent to be sued.  *See Papasan v. Allain*, 478 U.S. 265, 276 (1986).[9]  But in *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that "[a] federal court is not barred by the Eleventh Amendment from enjoining state officers from acting unconstitutionally, either because their action is alleged to violate the Constitution directly or because it is contrary to a federal statute or regulation that is the supreme law of the land."  *Vann v. Kempthorne*, 534 F.3d 741, 749 (D.C. Cir. 2008) (quoting CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4232

---

[8]     Keegan also argues that Eleventh Amendment immunity bars this action because the LRA, and therefore the State of Louisiana, "not Keegan, is the real party in interest in this suit."  Keegan Opp'n at 13.  But the *Ex parte Young* exception to sovereign immunity permits suits against state officers by relying on "the fiction that the suit [goes] against the officer and not the State," *Vann v. Kempthorne*, 534 F.3d 741, 749 (D.C. Cir. 2008) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 114 n.25 (1984)), and the Court disagrees with Keegan's contention that this fiction does not operate here.

[9]     The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  The Supreme Court "long ago held that the Amendment bars suits against a State by citizens of that same State as well."  *Papasan*, 478 U.S. at 276 (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

(3d ed. 2007)).  The Supreme Court has directed that "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"  *Verizon Md. Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)).  In this context, the distinction between retroactive and prospective relief is significant because the Eleventh Amendment bars "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury."  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted); *see also Verizon Md. Inc.*, 535 U.S. at 645 (making clear that relief that "impose[s] upon the State 'a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials'" is not permissible (quoting *Edelman*, 415 U.S. at 668) (emphasis removed)).  In other words, this Court cannot order the payment of damages to correct a prior unlawful act by a state official.  *See Edelman*, 415 U.S. at 663 (holding that a federal court may not issue an order that requires a state to spend money that "should have been paid, but was not").

Based on these principles of law, the Court suggested in its Clarification, and now holds, that it may not grant plaintiffs' request for an order mandating that LRA make payments to Road Home Program beneficiaries who have already received funds in amounts calculated using an allegedly discriminatory formula.  An order requiring Keegan to correct Road Home Program payments that have already been made would not provide prospective relief; it would require payment of state funds rather than prohibit certain actions in the future.  Plaintiffs do not dispute the Court's reliance on these fundamental principles, but they contest the Court's understanding

10

of the facts underlying this case and, therefore, its application of those principles to the situation at hand.  The Court cannot agree with their arguments.

### a.     The relief plaintiffs seek would require the expenditure of state, not federal, funds.

First, plaintiffs argue that the Court may enter the injunction they seek because such an order would require the expenditure of *federal* funds, not *state* funds.  To demonstrate that this distinction is legally significant, plaintiffs rely primarily on *Edelman v. Jordan*, 415 U.S. 651 (1974), quoting the many instances in that opinion in which the Supreme Court discussed the significance for an Eleventh Amendment analysis of requiring the payment of "state funds," and they repeat language from other cases relying on *Edelman* for the proposition that it is impermissible for a federal court to impose a liability to be paid from the "state treasury."  Pls.' Resp. to Clarification at 8-9.[10]  They assert that because the LRA spends money that comes directly from HUD at Congress's direction, the funds they wish the Court to order Keegan to use to correct award amounts do not belong to the state.

The Court does not find that the funds the LRA spends are federal.  It simply cannot be said that an injunction preventing a state official from disbursing money according to a program administered by her state agency controls only the flow of federal funds.  Furthermore, a careful reading of *Edelman* reveals that the Supreme Court has made no distinction between money that comes to a state account from the federal government as opposed to from some other source.  In

---

[10]     Plaintiffs note in their reply to Keegan's opposition to their motion that Keegan has failed to address this point and argue Keegan has therefore conceded it.  The parties have each made a multitude of arguments in addressing the various complicated issues raised in this case, and neither has directly addressed each point made by the other.  The Court will not assume that any arguments are conceded.

11

*Edelman*, the plaintiffs had successfully demonstrated that Illinois's administration of a welfare program, which was "funded by the State and the Federal Governments" and administered by state agencies, the directors of which were the named defendants, violated certain federal regulations. *Edelman*, 415 U.S. at 653-56. The opinion held that the district court had properly enjoined the state officers from continuing to administer the program in a manner that violated those regulations but had improperly ordered that individuals who received less than they were owed because of past violations be compensated. *Id.* at 664-65. The Supreme Court referred throughout to state funds and the state treasury, generating the quotes to which plaintiffs have pointed, but nowhere did it distinguish funds that the federal government gave to the state for the welfare program from those the state contributed from its own resources. In other words, the opinion did not address the issue plaintiffs have raised and does not support plaintiffs' arguments; the best inference to draw is that the Supreme Court considered federal money given to the state for administration of the relevant program to be state funds.[11] For purposes of this analysis, the money the LRA uses to make awards to Road Home Program beneficiaries are properly considered state funds.

---

[11] None of the other cases plaintiffs cite contribute to an analysis of this issue. *See Verizon Md. Inc.*, 535 U.S. at 646 (distinguishing between an injunction that would require payment from a state treasury and one that imposed a financial liability on private parties); *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (repeating language from *Edelman* but addressing only the question of whether ordering that a particular notice be sent to individuals who might have claims against Illinois constitutes retroactive relief); *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 689-90 (1982) (reciting language from *Edelman* but addressing the propriety of a suit against Florida based on the discovery of a sunken ship); *Travelers Indem. Co. v. Sch. Bd. of Dade County, Fla.*, 666 F.2d 505, 509 (11th Cir. 1982) (reciting language from *Edelman* but addressing whether the Florida board of education has Eleventh Amendment immunity under certain circumstances not analogous to those here).

Case 1:08-cv-01938-HHK   Document 68   Filed 07/26/10   Page 40 of 44

> **b.      An injunction requiring the correction of Option 1 awards would impermissibly provide retroactive relief.**

Second, plaintiffs argue that the relief they seek is prospective because the Road Home Program is "continuing and open," Pls.' Resp. to Clarification at 11, and they therefore request "an end to [] *present violation[s]* of federal law," *id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)) (alterations and emphasis in brief).  They argue that in contrast to *Edelman*, in which the defendant state officers had failed to pay benefits that correlated to discrete past time periods, the Road Home Program "has an ever-changing current balance sheet for an incomplete program."  *Id.*  Keegan asserts that correction of Road Home Program awards previously disbursed would constitute retroactive relief.

The fundamental premise here, explained above, is not in dispute:

> Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. . . . On the other hand, relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury.

*Papasan*, 478 U.S. at 278 (citations omitted).  The Supreme Court has acknowledged that "the line between permitted and prohibited suits will often be indistinct," *id.*, but here, the outcome is unavoidable.

Plaintiffs' characterization of the Road Home Program as ongoing does not persuade the Court that an injunction requiring the recalculation of Option 1 awards would constitute prospective relief.  It is true that the Road Home Program as a whole is not complete.  But all but

13

179 Option 1 grants have been distributed.[12]  It is also true that some Road Home Program recipients have received funds in addition to their initial awards under Option 1.  But those supplemental grants were not based on any change to the formula for, nor did they constitute a recalculation of, Option 1 awards.  The allegedly discriminatory award amounts have, as to almost all applicants, already been calculated and disbursed.  Correcting them, even by entry of an injunction, would effectively constitute an award of damages.  *Cf. Papasan*, 478 U.S. at 279 (advising that "[i]n discerning on which side of the line [between prospective and retroactive relief] a particular case falls," a court is to "look to the substance rather than to the form of the relief sought").  As was the case in *Edelman*, the program at issue here distributes discrete awards; it does not provide any ongoing service such that a "present violation" of law can be said to exist.  *Id.* at 278; *cf. Milliken v. Bradley*, 433 U.S. 267, 289 (1977) (holding that a court-ordered program to remedy inequalities resulting from school segregation "fits squarely within the prospective-compliance exception reaffirmed by *Edelman*" because it "enjoin[s] state officials to conform their conduct to requirements of federal law" in the future operation of schools).

Were the Court to order, as plaintiffs request, that Keegan recalculate awards that have already been distributed and make supplemental payments to homeowners whose awards would have been greater had they not been based on home values, it would impermissibly be requiring the state to disburse money that "should have been paid, but was not."  *Edelman*, 415 U.S. at

---

[12]     The Court asked plaintiffs during oral argument on this motion whether they would wish to go forward with their request for a preliminary injunction if the Court were to hold that the ultimate relief they seek is only available to those 179 individuals.  Plaintiffs did not express a desire to limit their case to such a narrow group of Road Home Program beneficiaries.

664.  It would impermissibly be doing more than  "enjoining state officers from acting

unconstitutionally."  *Vann*, 534 F.3d at 749.  Although, as explained, the Court suspects that the

Option 1 formula did violate the Fair Housing Act, this Court has no authority to remedy it in the

way plaintiffs ask.  Accordingly, the Court cannot find that plaintiffs are likely to succeed on the

merits of their case.

       **2.**       **Plaintiffs have not shown that they will face irreparable injury absent the entry of an injunction.**

Plaintiffs argue that without an injunction, the LRA will be able to spend any or all Road

Home Program funds and an insufficient amount of money would remain available to provide the

ultimate relief they seek.  This reasoning relies on, among other assumptions, the premise that the

LRA must hold approximately \$516 million in order to comply with a future order from this

Court mandating the correction of the disparate impact of the Option 1 formula.  Keegan

responds that the LRA has sufficient funds to comply with an order from this Court enjoining her

from using the existing Option 1 formula in calculating the awards owed to the 179 remaining

Option 1 applicants.

As explained above, the Court may not order the relief plaintiffs seek.  There is no risk,

therefore, that any spending by the LRA will cause the irreparable harm plaintiffs foresee.[13]

       **3.**       **The injury to third parties that would result from the preliminary injunction plaintiffs seek weighs strongly against granting plaintiffs' motion.**

Plaintiffs argue that other parties would not be harmed by the entry of the preliminary

injunction they seek.  They note that non-class members whose Road Home Program benefits

---

[13]     As noted, plaintiffs' counsel have declined to indicate that they wish to represent the 179 applicants who have not yet received awards.

might be delayed by such an injunction would benefit overall if the LRA is ultimately made to calculate future awards considering only the cost of repairs.

The Court will not find that third parties would not be harmed by the entry of an injunction of the sort plaintiffs seek.  Even though the preliminary injunction plaintiffs seek would permit Keegan to disburse some Road Home Program funds, it would restrict her spending significantly.  Each dollar the Court enjoined her from spending would be a dollar withheld from a Louisiana resident who wants to repair or rebuild her home and who has been unable to do so in the five years since the storm damaged it.  The Court notes that plaintiffs could have initiated this case and sought preliminary relief long ago, before the Road Home Program was almost complete and the funds almost depleted.  And the Court will not ignore the fact that the delay a preliminary injunction would cause is significant; discovery and a resolution on the merits of this case could, and likely would, take years.

**4.      The public interest in an injunction does not weigh in favor of either party.**

Plaintiffs argue that it is in the public interest to remedy housing discrimination.  Keegan argues that the public interest would not be served by delaying the distribution of funds under the Road Home Program and that Louisiana citizens "continue to need and rely upon funding from the Road Home" Program.  Keegan Opp'n to Pls.' Mot. for TRO at 35.

Because both parties' positions have merit, the Court finds that this factor does not weigh in favor of either party.  Plaintiffs are correct that there is a strong public interest in preventing discrimination on the basis of race, and the Court takes seriously Congress's intent to do so by enacting the Fair Housing Act.  But Keegan is correct that there is a strong public interest in going forward with a program designed to repair a devastated area.  As noted above, a

16

Case 1:08-cv-01938-HHK   Document 61   Filed 07/06/10   Page 17 of 17

preliminary injunction would cause significant delay in the distribution of Program funds to people who have suffered long enough.

**5.      Conclusion**

The Court must balance these four factors against each other.  *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998).  In sum, the Court has found that plaintiffs' Fair Housing Act claim likely has merit but that plaintiffs do not have a strong likelihood of success in this action because the Court cannot grant the relief they seek.  Furthermore, delaying the administration of the Road Home Program would be harmful to Louisiana homeowners who still need assistance.  Although the Court is not unsympathetic to the ways in which the law operates in this instance to preclude the possibility of correcting what may well be a discriminatory formula, it is bound to apply the law as it stands and it must consider the effect its ruling here could have on individuals who are not represented.  For these reasons, the Court will not grant the preliminary injunction plaintiff seek.

## III. CONCLUSION

For the foregoing reasons, on June 29, 2010, the Court entered an order denying plaintiffs' motion for a preliminary injunction [#50].

Henry H. Kennedy, Jr.
United States District Judge