UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, et al.** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** <br><br> and <br><br> **ROBIN KEEGAN, Executive Director of the Louisiana Recovery Authority,** <br><br> Defendants. | Civil Action 08-01938 (HHK) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are plaintiffs' "Second Motion for a Temporary Restraining Order and Preliminary Injunction" [#62] and the "Motion to Stay Proceedings Pending Appeal" of defendant Robin Keegan, Executive Director of the Louisiana Recovery Authority [#70]. Upon consideration of the motions, the oppositions thereto, and the record of this case, the Court concludes that Keegan's motion should be denied and plaintiffs' motion should be granted.

**I**

The background of this case is set out in the Court's memorandum opinion explaining the reasons for its denial of plaintiffs' first motion for a temporary restraining order ("TRO") and preliminary injunction. *See Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. and Urban Dev.*, — F. Supp. 2d —, 2010 WL 2718164, at *1-2 (July 6, 2010). The Court will not repeat that background here except to briefly summarize that Keegan's agency is tasked with distributing funds appropriated by Congress to individuals whose homes were damaged by

Hurricanes Rita and Katrina. Plaintiffs assert that the formula by which she does so under a portion of the program called Option 1 has a discriminatory impact on African-American homeowners in New Orleans, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. After the Court denied plaintiffs' motion for a TRO and preliminary injunction, plaintiffs filed an interlocutory appeal to the Court of Appeals for the D.C. Circuit. That appeal is pending. On July 21, 2010, plaintiffs filed a second motion for a TRO, seeking to enjoin Keegan from disbursing initial Road Home Program awards to Option 1 applicants using a formula that takes into account the pre-storm value of an individual's home. Keegan opposes this motion and also seeks a stay of this case pending appellate review.

## II

**A.     Motion to Stay**

The Court first addresses Keegan's motion to stay. Keegan seeks a stay because, she asserts, the issues raised in plaintiffs' second motion for a TRO are identical to those now before the D.C. Circuit on appeal. The Court disagrees. Although the two motions are closely related, the second motion seeks different relief than did the first. Accordingly, the D.C. Circuit will review the Court's resolution of whether the broad relief plaintiffs initially sought was warranted; the Court here addresses whether the narrow relief they seek now is appropriate. Therefore, the Court will not stay this case.

**B.     Second Motion for a TRO and Preliminary Injunction**

This court may issue a preliminary injunction only when the movant demonstrates: (1) "a substantial likelihood of success on the merits"; (2) "that it would suffer irreparable injury if the injunction is not granted"; (3) "that an injunction would not substantially injure other interested

2

parties"; and (4) "that the public interest would be furthered by the injunction." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). "These factors interrelate on a sliding scale and must be balanced against each other." *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998).

1.  **Likelihood of Success on the Merits**

The Court explained in its previous opinion that plaintiffs are likely able to make out a prima facie case that the formula used to calculate awards under Option 1 of the Road Home Program violates the Fair Housing Act. *See Greater New Orleans*, 2010 WL 2718164, at *3. Nevertheless, the Court determined that plaintiffs did not have a likelihood of success on the merits of their case because, under a line of cases expanding upon *Ex parte Young*, 209 U.S. 123 (1908), the Court does not have jurisdiction to provide the retroactive relief—specifically, correction of awards already disbursed—plaintiffs ultimately sought. *See id.* at *4-6. Plaintiffs' current motion, however, only seeks an injunction that would allow them ultimately to obtain the limited relief the Court explained in a Clarification of an earlier order, issued June 4, 2010 [#52], it has jurisdiction to provide. Specifically, they ask that Keegan be enjoined from disbursing future, initial Road Home Program awards under Option 1 based on a formula that takes into account the pre-storm value of the applicant's home. In this way, plaintiffs seek to preserve the claims of those individuals who have not yet received awards. Keegan disputes the Court's determination that plaintiffs have submitted evidence sufficient to show that they would likely be able to make out a prima facie case of racially discriminatory impact. But the Court finds no reason to reconsider its ruling as to that issue, especially where Keegan has still provided neither

3

evidence contradicting plaintiffs' contentions nor an explanation of the reason for taking pre-storm home values into account. Because plaintiffs will likely be able to show after discovery that the Option 1 formula is unlawful and in the absence of an impediment to success where plaintiffs ultimately seek only prospective relief, the Court concludes that plaintiffs have a likelihood of prevailing on the merits of their Fair Housing Act claim as to Option 1 awards that have not yet been distributed.

### 2. Irreparable injury

For the reasons explained in this Court's prior rulings and as referenced above, only individuals who are entitled to but have not yet received initial Option 1 grants may bring suit on the theories plaintiffs advance. As Keegan continues to distribute awards, homeowners who receive them lose their ability to challenge what plaintiffs allege is a racially discriminatory formula. Accordingly, the Court finds that prospective Road Home Program recipients would face irreparable injury were it not to grant the injunction sought.

### 3. Substantial injury to other parties

The Court acknowledges that granting plaintiffs' motion may delay the distribution of awards to some homeowners, and for that reason, this factor weighs against doing so. The Court notes, however, that plaintiffs seek narrow relief—their proposed order specifically provides that Keegan "may continue to calculate and disburse grant awards in a manner that does not utilize the pre-storm value of the beneficiary's home as a criterion," Pls.' 2d Mot. for TRO, Proposed Order at 1—so the injunction need not delay all Option 1 awards and will not interfere with the administration of any other portion of the Road Home Program.

4

### 4. Public interest

As noted in the Court's previous opinion, it is in the public interest to remedy housing discrimination as well as to promptly disburse funds for the purpose of helping those severely harmed by hurricanes that occurred years ago. This factor therefore does not weigh strongly on the side of either party's position.

### 5. Conclusion

Having weighed the factors that must be considered when determining whether to grant injunctive relief, the Court concludes that it is appropriate to grant the injunction plaintiffs seek here. Plaintiffs are likely to succeed on the merits of their Fair Housing Act claim as to the Option 1 awards not yet disbursed, individuals who have not received awards will suffer irreparable injury to their ability to bring such claims if they receive awards based on the allegedly discriminatory formula, and neither the interests of third parties nor the public interest outweigh the reasons to grant the injunction.

### III

For the foregoing reasons, it is this 16th day of August 2010, hereby

**ORDERED** that Keegan's motion for a stay pending appellate review [#70] is **DENIED;** and it is further

**ORDERED** that plaintiffs' motion for a second TRO and preliminary injunction [#62] is **GRANTED**. Accordingly, Keegan, or any successor officer, is prohibited from disbursing any award under the Road Home Program using the pre-storm value of the home as a criterion for calculating the amount of such award. Under the terms of this order, Keegan may continue to calculate and disburse Road Home Program funds in a manner that does not take into account the

pre-storm value of the recipient's home. This injunction shall remain in effect until the Court issues a decision on the merits or orders otherwise.

                                                        Henry H. Kennedy, Jr.
                                                      United States District Judge